THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:14-cr-00103-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| LAMICHAEL CARTER, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's letter, which the Court construes as a motion for compassionate release [Doc. 57].

**I.  BACKGROUND**

In October 2015, the Defendant Lamichael Carter was convicted of one count of distribution of cocaine base and one count of possession of a firearm by a convicted felon. [Doc. 28]. He was sentenced to 48 months' imprisonment. [Id.]. The Defendant is currently incarcerated at FCI Manchester, and his projected release date is February 9, 2021.[1]

---

[1] See https://www.bop.gov/inmateloc/ (last visited No. 17, 2020).

On November 12, 2020, the Defendant filed the present motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), citing the ongoing COVID-19 pandemic. [Doc. 57].

II. **DISCUSSION**

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The Court of Appeals for the Fourth Circuit has held that a district court lacks the authority to modify a sentence except in the narrow circumstances and procedures set forth in § 3582. See United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010).[2] By its plain language, §

---

[2] The Fourth Circuit has not yet ruled on whether the exhaustion requirements in § 3582(c)(1)(A) are jurisdictional or merely a claims-processing rule. This Court, however, need not decide that issue in order to resolve the present motion. Either way, the Defendant must exhaust his administrative remedies as defined in § 3582(c)(1)(A) before filing a motion for compassionate release in this Court. See Ross v. Blake, 136 S. Ct. 1850, 1857 (2016) (finding that "mandatory exhaustion statutes . . . establish mandatory exhaustion regimes, foreclosing judicial discretion"); United States v. Williams, No. CR JKB-15-0646, 2020 WL 1506222, at *1 (D. Md. Mar. 30, 2020) (denying motion for

2

3582(c)(1)(A) makes clear that a defendant must first exhaust all administrative remedies or wait thirty days after submitting a request for release from the warden without receiving any response before filing a motion for a sentence reduction.

Here, the Defendant has failed to demonstrate that he has exhausted his administrative remedies at BOP or that 30 days have passed since making a request for compassionate release. The Defendant admits in his motion that he has not filed or attempted to file an administrative request for release. [Doc. 57 at 1]. He contends that his failure to file such a request should be excused because he has been held in transit at the Federal Transfer Center in Oklahoma City and has not been assigned a unit team. [Id.]. The BOP website indicates, however, that the Defendant is now housed at FCI Manchester.[3] Thus, the Defendant is no longer in transit and is presumably not hindered in his ability to make an administrative request. Having failed to comply with the requirements of the statute, the Defendant's motion for compassionate release must be denied without prejudice.

---

reduction of sentence because defendant failed to exhaust his administrative remedies, but declining to decide whether exhaustion requirement is jurisdictional).

[3]See footnote 1, supra.

**IT IS, THEREFORE, ORDERED** that the Defendant's letter, which the Court construes as a motion for compassionate release [Doc. 57], is **DENIED WITHOUT PREJUDICE** to refiling after the Defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the Defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the Defendant's facility, whichever is earlier.

**IT IS SO ORDERED.**

Signed: November 30, 2020

Martin Reidinger
Chief United States District Judge